READ vs. BENNETT.

*Discharge in insolvency — Presumptive evidence.*

1. Under the laws of California in force in 1865, an insolvent debtor forfeited all the benefit of his discharge if at any time thereafter it was made to appear that he had concealed part of his property, or given a false schedule.

2. Where it appeared that defendant acquired title to land in this state in 1863 ; that he filed his schedule in insolvency proceedings in California in June, 1865; and that he conveyed said land in August, 1865, there being no proof of any intermediate conveyance: *Held,* that this was presumptive evidence that he owned the land at the time of filing his schedule ; and not having included it therein, he is not protected by the discharge.

APPEAL from the Circuit Court for *Iowa* County.

Action to recover $2,000, alleged to be due on a certain judgment rendered in favor of the plaintiff and against the defendant, in March, 1865, by the district court of Nevada county, in the state of California. The summons in the present action was issued in January, 1866, and in February the plaintiff sued out a writ of attachment, under which certain lands in the county of Iowa were seized by the sheriff as the property of the defendant.

The defendant proved on the trial, that in September, 1865, he had obtained in the county court of the said county of Nevada, in the state of California, a discharge in insolvency,

releasing him from all prior debts and liabilities, including the judgment to collect which the plaintiff had instituted this suit. To avoid the effect of this discharge, the plaintiff introduced in evidence certain conveyances of real estate executed by the defendant pending his petition in insolvency, and showed that the real estate so conveyed was not included in the schedule of defendant's property annexed to his petition. He also introduced a certified copy of the statute of California relating to the discharge of insolvent debtors, the substance of which, so far as important here, is stated in the opinion.

The court instructed the jury " that the evidence introduced to show that defendant owned real estate in this state, which was not scheduled, was insufficient to establish that fact ;" and also instructed them at defendant's request, that if plaintiff and defendant were, at the date of the discharge of defendant under the insolvency laws of California, both citizens of that state, and if defendant was, by a court of competent jurisdiction of that state, declared an insolvent debtor, and discharged from his debts and liabilities, they must find for the defendant.

After a verdict for the defendant, the court granted a motion for a new trial ; and the defendant appealed from that order.

*Cobb, Wilson & Sudduth,* and *E. P. Weber,* for appellant.

*Dunn & Read,* with *S. U. Pinney,* of counsel, for respondent.

COLE, J. We think the new trial was properly granted. Certain deeds were offered in evidence, each conveying an interest in the land attached. From these deeds, it appears that the defendant conveyed the land to one Dunstan, August 12, 1865. This was after he filed his petition and schedule for a discharge under the insolvent act of California. The presumption is, that he owned the land which he conveyed in August. If he did, then his neglect or failure to embrace it in his schedule would avoid his discharge; for the law of California, which was read on the trial, provides that if at any

time thereafter it is made to appear that the insolvent debtor has concealed any part of his property, or given a false schedule, he shall forfeit all benefit and advantage which he would otherwise have had by virtue of the act. This statute undoubtedly required the insolvent to schedule the land which he owned in this state. If he did not, he could not claim the benefit of that statute. Now we think sufficient facts were proven on the trial to show, presumptively at least, that the discharge was fraudulent on account of the neglect to schedule the lands in Wisconsin. The circuit court charged the jury that the evidence introduced to show that the defendant owned real estate in Wisconsin which was not scheduled, was insufficient to establish that fact. This, we think, was erroneous. We think also that the first instruction asked by the defendant, and given, was not strictly correct, in view of the evidence. This being so, the court properly granted a new trial.

*By the Court.*—The order granting a new trial is affirmed.