## In re Mabbett.

*January 9 — January 29, 1889.*

*Insolvency: Discharge: Failure to schedule portion of homestead not
exempt: Fraudulent conveyance: Intent: Court and jury.*

1. The homestead of an insolvent debtor was mortgaged for $10,000.
   It contained a narrow strip, valued at $637.50, in excess of one
   fourth of an acre. The title had been in his wife for nine years

before he applied for a discharge from his debts. *Held*, that the failure to include said strip in the inventory of his estate was not sufficient to bar a discharge.

2. Upon an application by an insolvent debtor for a discharge from his debts, the question whether a previous conveyance or mortgage of his property was made with intent to defraud his creditors is a question of fact and should be passed upon as such by the jury or court.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record, in effect, that May 20, 1887, *Joseph S. Mabbett* filed his petition in the circuit court for a discharge from all his debts as an insolvent debtor, with the ordinary affidavit, under and in pursuance of ch. 179, R. S., and the several acts amendatory thereof; that he alleges generally and in detail that the petition and affidavit conformed in every respect to said statutes; that the schedules annexed showed a total indebtedness of $49,682.43; and property consisting only of household goods and furniture, household stores, wearing apparel, and ornaments of the person, valued at $1,700, and books, prints, and pictures, valued at $250 (all mortgaged to one Waldron, March 15, 1875, to secure a debt of $5,455.44, owing him from *Mabbett*), and no other personal property, and no real estate, choses in action, debts due, or moneys belonging to him. On the hearing of the order to show cause why such discharge should not be granted, certain of his creditors filed their objections, and specified for the grounds thereof that the petitioner had failed to schedule property not exempt; and thereupon the court ordered the trial of such issue. It appeared from the evidence that *Mabbett* had a homestead in the city of Milwaukee, April 15, 1878, consisting of a lot and a half; that on that day he deeded it, through a third person, to his wife; that April 25, 1878, he borrowed $10,000, and his wife gave a mortgage on such homestead

to secure it; that the homestead contained 4¼ feet front, and 127 feet back, in excess of one fourth of an acre, valued at $637.50. At the close of the testimony the court withdrew the cause from the jury, and by order dismissed the petition. From that order the petitioner appeals.

For the appellant the cause was submitted on the brief of *Nath. Pereles & Sons.*

[No appearance for the respondents.]

CASSODAY, J. The objecting creditors have failed to argue the case or present any brief. It is therefore subject to reversal under the rule. There may be some reason for withdrawing the matter from the jury and dismissing the petition not apparent upon the record or which has not suggested itself to us. The mere failure, however, to inventory the portion of the homestead in excess of the exemption is not, as it seems to us, under the facts stated, sufficient to bar a discharge. It was only four and one-quarter feet front, and of the value of $637.50. There was a mortgage on the premises of $10,000, given nine years before the petition was filed. Assuming the mortgage to have been valid, then such strip, or the avails thereof, would necessarily have been first sold or applied on the mortgage debt. But the title of that had been in the petitioner's wife for more than nine years prior to the filing of such petition. We cannot say, as a matter of law, that the putting of the title in the wife, or the giving of the mortgage, or the giving of the previous mortgage on the household goods, was with intent to defraud creditors. If either was claimed to have been made with such intent, then the question of such intent should have been found by the jury or court. Sec. 2323, R. S. We do not think it can be said, as a matter of law, from the facts disclosed in the record, that the petitioner wilfully swore falsely in his affidavit filed, or upon his examination, within the meaning of

sec. 4302, R. S. Nor does it appear that he had done any of the things therein enumerated as a bar to such discharge.[1]

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.