HEMPSTED, Respondent, vs. THE WISCONSIN MARINE & FIRE INSURANCE COMPANY BANK, Appellant.

*December 2 — December 16, 1890.*

*Insolvency: Discharge: Debt fraudulently contracted: Demurrer: Constitutional law.*

1. The fact that an applicant for a discharge from his debts under ch. 385, Laws of 1889, had obtained money by means of false and fraudulent representations, will not prevent his obtaining such discharge. [Whether the discharge in such a case would defeat an action by the creditor from whom the money was so obtained, not determined. Such creditor might, perhaps, upon a proper showing, prevent the discharge from including that particular debt.]

2. Upon a demurrer to the objections of a creditor to the discharge of an insolvent debtor under ch. 385, Laws of 1889, the creditor may attack the petition of the insolvent on the ground that said statute is unconstitutional.

3. Ch. 385, Laws of 1889, so far as it applies to resident creditors and to their debts contracted prior to its enactment, is constitutional.

APPEAL from the Circuit Court for *Milwaukee* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is a proceeding on the part of the respondent to obtain a discharge from his debts under the provisions of ch. 385, Laws of 1889. The respondent filed, in the office of the clerk of the circuit court of Milwaukee county, a petition in the form required by sec. 2 of said ch. 385, which was duly verified as required by sec. 3 of said chapter, and upon filing such petition an order to show cause was duly made as required by sec. 4 of said chapter, and such order was published and served as required by said section. On the day fixed for the hearing of the petition of said respondent, the appellant appeared and filed objections to the discharge of the petitioner. The objections were as follows:

" And now comes the *Wisconsin Marine & Fire Insurance Company Bank*, by Finches, Lynde & Miller, its attorneys, and in response to the orders to show cause, made in the above-entitled matter on the 4th day of November, A. D. 1889, why the above-named assignor should not be discharged from his debts, alleges as follows: *First.* That it is a corporation organized and existing under and by virtue of the laws of the state of Wisconsin. *Second.* That at the time of the making of the assignment in the above matter, it was, and is now, a creditor of the above-named assignor. *Third.* That prior to the making of the said assignment the above-named assignor obtained money from it, the said bank, by means of false and fraudulent representations as to his solvency. *Fourth.* That at divers times the above-named assignor obtained money from it, the said bank, upon alleged collaterals, consisting of notes which the said assignor represented as having been received from purchasers from him of musical instruments, and that the said notes were founded upon a good and valid consideration, and

that the amounts of said notes were actually owing from the makers of the same; but the said bank hereby alleges that, as to a large number of said notes, they were obtained in a fraudulent manner by the said assignor or his agents, and although they were, according to the face of said notes, secured by musical instrument or instruments sold by said assignor to said purchasers, it, the said bank, ascertained upon presentation of said notes that the same were procured from them, the said makers, in a fraudulent manner; that many of them were unacquainted with business and business methods; were not owing the said assignor but a very small amount of money on account of their purchases from said assignor, as compared with the amounts of their respective notes. *Fifth.* The said bank further alleges that by reason of the said fraudulent representations by the said assignor as regards his solvency and the validity and value of the securities herein mentioned, it did advance the said assignor large amounts of money, and by reason of the said false representations has been damaged. *Sixth.* The said bank further alleges that after the making of the said assignment it endeavored to collect the amounts on a number of notes which were put up by the said assignor with it as collateral, and placed the same in the hands of attorneys for collection, and is advised by said attorneys, and therefore alleges on information and belief the fact to be, that the makers of such paper are entirely irresponsible; that at the time that such notes were delivered to it, the said bank, the said assignor fraudulently represented the makers of such notes to be solvent, and perfectly able to pay the same, and were financially responsible therefor. The said notes were not business paper, as represented by said insolvent, but in a great part obtained by fraud, trickery, and false representations. Wherefore said bank prays that the petition of said assignor be refused."

The petitioner demurred to these objections as not stat-

ing facts sufficient to defeat his petition for discharge. The, circuit court decided the objections were not sufficient to prevent the respondent's discharge, and therefore sustained the demurrer. From the order sustaining the demurrer the bank appeals to this court.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *B. K. Miller, Jr.* They contended, *inter alia,* that the petitioner must come into court with clean hands, and the creditors may set up any objection which should in equity and good conscience prevent his obtaining the discharge. The elaborate provisions of the statute as to the manner of trial preclude the idea that bare formalities are alone to be considered. The act is unconstitutional because it impairs the obligations of contracts and is *ex post facto.* An insolvent law cannot discharge debts contracted prior to its enactment. And a statute taking away all remedy on a contract is void. The act in question is also unconstitutional because it takes property without due process of law. The process provided for is publication in a newspaper and the mailing of notices to creditors. See *Risser v. Hoyt,* 53 Mich. 185.

For the respondent there was a brief by *Rose & Bell,* and oral argument by *D. S. Rose.*

TAYLOR, J. After reading the objections made by the appellant, it seems to us very clear that the matters stated would not, if proved, prevent the insolvent from obtaining a discharge from his debts in the manner prescribed in secs. 12, 13, and 14 of said ch. 385, Laws of 1889.[1] Whether

---

[1] Secs. 12–14, ch. 385, Laws of 1889, are as follows: "Sec. 12. Every creditor of such insolvent debtor, whether residing within or without this state, who shall file an affidavit or make other proof of his claim against such insolvent debtor, or who shall accept or receive any dividend from the assignee of such insolvent debtor or out of the estate of such insolvent debtor, or shall in any way participate in the proceedings under such assignment, shall be deemed to be a party to such proceed-

the matters stated would be sufficient to prevent such discharge from defeating an action upon the claim made by the defendant against the insolvent is another question, and one which need not be determined in this case. It seems very clear to us that the fact that the applicant for a discharge under this chapter has been guilty of forgery, obtaining goods or money under false pretenses, or has incurred liability for a trespass or assault and battery, is no objection to his obtaining his discharge under said act from his debts due upon contract to his creditors. If it should be held, when a proper case is presented, that liabilities of the nature of the one claimed by the bank can be discharged under these proceedings, then the demurrer was properly sustained; and, on the other hand, if it shall be held that such liabilities cannot be discharged under said proceedings; then the objections to the petitioner's discharge are insufficient, and the demurrer must also be sustained.

---

ings for a discharge of such insolvent debtor from his debts, and the filing of such affidavit, and the making such proof of claim, or the receiving such dividend, or participation in such proceedings, shall be deemed to be, and is declared to be, an appearance in the matter of such assignment and application for a discharge; and the order and discharge made and granted by said court or judge shall be final and binding upon all of the creditors of said insolvent debtor who shall file an affidavit of their claims, or make other proof of the indebtedness of such insolvent debtor, or receive such dividend, or participate in such proceedings, subject to the right of such creditor to appeal from any order, decision, or judgment made or entered in such proceeding in the manner provided by law. Sec. 13. If it shall appear, upon such hearing or trial, that such insolvent debtor has in good faith made a voluntary assignment for the benefit of his creditors, and has in all respects complied with laws of this state in relation to voluntary assignments, and with this act, such court or judge shall grant such insolvent debtor a discharge from his debts, which shall have the effect declared in this act. Sec. 14. Upon the granting of such discharge by said court or judge, the clerk of said court shall immediately enter in the judgment docket of said court against said insolvent debtor, and in favor of each of his creditors who appears, by the list of creditors filed with an assignment of such insolv-

Hempsted vs. The Wisconsin Marine & Fire Ins. Co. Bank.

It is further urged that the law is unconstitutional, and therefore the proceedings should be discharged. That question was not raised by the objections filed; still it may be urged in this court. The appellant may, under the rules of pleading, upon a demurrer to his answer, attack the sufficiency of the complaint. So, in this case, if the petition of the respondent is founded upon an unconstitutional law, it may be attacked by the appellant for that cause. We think, however, that there can be no serious doubt as to the constitutionality of this insolvent law so far as it applies to creditors residing in this state, and so far as it is applicable to such creditors whose debts have accrued since the passage of the act. Whether it will bind parties not residents of this state, upon debts contracted with them, or whether the insolvent can be discharged from his debts incurred prior to the enactment of the law, are not questions in this case. As to the constitutionality of state insolvent laws, see *Baldwin v. Hale*, 1 Wall. 223, 234; *Kelley v. Drury*, 9

Allen, 27; *Ilsley v. Merriam*, 7 Cush. 242; *Fessenden v. Willey*, 2 Allen, 67; *Guernsey v. Wood*, 130 Mass. 503. This court has in several cases recognized the validity of the old insolvent law of this state. See *In re Mabbett*, 73 Wis. 351; *Smith v. Smith*, 19 Wis. 103; *Read v. Bennett*, 23 Wis. 372; *Mowry v. White*, 21 Wis. 417; *Sexton v. Mann*, 15 Wis. 162.

There is nothing in the record in this case, as presented to this court, which informs the court when or where the debt was incurred, and until that is made to appear we may presume that the creditor is a citizen of this state, and that the liability was incurred after the enactment of the law under which the debtor is proceeding.

If the appellant appears on the schedules of the respondent filed in said proceedings as one of his creditors, and it is of the opinion that its claim is of such a nature as cannot be affected by such proceedings, it might perhaps show that fact on the hearing, and ask the court to strike its claim from the schedules in the case, so as to prevent a formal discharge thereof under the proceedings; but that fact, as said above, furnishes no reason for dismissing the respondent's proceedings for a discharge as to his other creditors who have claims against him which may be discharged by the order of the court in such proceedings.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.