VAN INGEN and others, Appellants, vs. FELDT, Respondent.

*October 21 — November 7, 1893.*

*Voluntary assignment: Inventory: Trust funds: Discharge of assignor.*

An insolvent debtor had received in trust moneys of a lodge of which he was a member, and had mingled them with his own moneys, but had afterwards loaned the amount thereof to a fellow-member as and for the moneys of the lodge. They were repaid to him after he had made an assignment for the benefit of his creditors, and were immediately returned by him to the lodge. *Held*, that the claim for the moneys so loaned was properly omitted from the schedule of his assets on the assignment, and hence that such omission was not a valid objection to his discharge from his debts.

APPEAL from the Circuit Court for *Milwaukee* County.

On September 19, 1891, the defendant, *Augustus C. Feldt*, made a voluntary assignment for the benefit of his creditors. His assignee administered his estate, and in due time filed his account, which was allowed by the court and said assignee was discharged. Afterwards, on June 13, 1892, the said *Feldt* filed his petition in the circuit court to be discharged from his debts under the statutes. Thereupon, and on the same day, the court ordered all his creditors to show cause, July 30, 1892, why he should not be so dis-' charged, pursuant to law. At the time appointed, the appellants E. H. Van Ingen & Co., as creditors, appeared and filed several objections to such discharge, on the ground that he had omitted from his inventory certain property and assets. On September 26, 1892, the issue so raised was referred to Hugh Ryan, Esq., a circuit court commissioner, to hear, try, and determine.

On December 31, 1892, said referee filed his report, to the effect that the objections so filed by the plaintiffs to such discharge had not been sustained by proof, and that the said *Feldt* had in all respects complied with the provisions of the statutes in that regard, as amended, and was

entitled to his discharge under the provisions thereof. On January 14, 1893, such report of said referee was wholly ratified and confirmed; and on February 11, 1893, the said *Feldt* was, by an order of said court, discharged from all his debts. From that order the plaintiffs appeal.

For the appellants there was a brief by *Miller, Noyes & Miller*, and oral argument by *F. A. Geiger*.

*C. A. Koeffler, Jr.*, for the respondent.

CASSODAY, J. It is undisputed that *Feldt* neglected to include in his schedule of assets an interest he had in certain lots in the town site of Finney, and also a claim against one Berndt of between five and six hundred dollars. It is stated in the referee's report, in effect, that counsel for the plaintiffs, in their argument of the matter before him, abandoned all their objections except those based upon the failure of *Feldt* to schedule the Berndt claim, and that they frankly admitted that there was no evidence whatever of any fraudulent intent on the part of *Feldt* in failing to schedule that claim or the Finney lots; that in the early stages of the assignment proceedings in November, 1891, *Feldt* was examined by the plaintiffs and disclosed the facts mentioned, and that he had been closed up by the sheriff, and was entirely insolvent; that the plaintiffs took no steps to have such omitted property included in *Feldt's* assets; that *Feldt's* claim against Berndt was for moneys loaned from time to time, and that the moneys so loaned by *Feldt* were not his own, but belonged to the lodge of which he and Berndt were both members; that in January, 1892, Berndt repaid such moneys to *Feldt*, and he repaid the same to the lodge. It is true that *Feldt* mingled the lodge money with his own, and did not hand over to Berndt the specific moneys he received from the lodge, but did loan him the equivalent; that they were actually lodge moneys, and were returned by him to the lodge as soon as Berndt repaid them.

Van Ingen and others vs. Feldt.

Such being the facts, we are clearly of the opinion that *Feldt* was entitled to his discharge. Ch. 80*a*, S. & B. Ann. Stats., as to the discharge of insolvent assignors, is very much the same as ch. 179, R. S. , Under this last chapter, it has, in effect, been held that the mere failure of an insolvent debtor to inventory all of his assets or property will not prevent his discharge. *In re Mabbett,* 73 Wis. 351. So it has been held, in effect, under ch. 80*a*, S. & B. Ann. Stats. (ch. 385, Laws of 1889), that the mere fact that an insolvent debtor had obtained money by means of false and fraudulent representations would not prevent his obtaining such discharge, although such discharge might not, possibly, operate to defeat an action by the creditor from whom the money was so obtained. *Hempsted v. Wis. M. & F. Ins. Co. Bank,* 78 Wis. 375. Where it appears that such insolvent debter has in *good faith* made a voluntary assignment for the benefit of his creditors, and has in all respects complied with the statute relating to the same and with the statute last cited, then he is. entitled to such discharge. Sec. 1702*p*, S. & B. Ann. Stats. If the verification to his application for such discharge as prescribed by statute is true, then it would seem he is entitled to the same. Sec. 1702*f*. True, the inventory of *Feldt's* estate, as originally made, was not an accurate and complete statement of all his property not exempt, but the correction was made in his examination in the assignment proceedings a few weeks afterwards. The omission of the Finney lots appears to have been of trifling significance, and the objection on that ground appears to have been abandoned, and in other respects the verification appears to have been true. There was no disposing of any part of his property for the subsequent benefit of himself or his family, or in order to defraud any of his creditors, nor any falsely created or acknowledged indebtedness, within the meaning of the statute cited. The case is clearly distinguishable from *In re*

*Rankin*, 85 Wis. 15. The mere omission from his inventory of the claim he held against Berndt, under the circumstances mentioned, was no valid objection to his discharge. The moneys *Feldt* received from the lodge were so received in trust for the lodge. Had he retained the moneys until he made the assignment, and then inventoried them and paid the same over to his assignee, and had the latter mingled the same with the other funds belonging to the estate, yet, under all the authorities, there can be no question that the lodge might have reclaimed the equivalent of the moneys so impressed with the trust. *In re Hallett's Estate*, 13 Ch. Div. 696; *Hancock v. Smith*, 41 Ch. Div. 456; *U. S. v. State Bank*, 96 U. S. 30; *Comm. Bank v. Armstrong*, 148 U. S. 50; *Cavin v. Gleason*, 105 N. Y. 256; *Atkinson v. Rochester P. Co.* 114 N. Y. 175; *Little v. Chadwick*, 151 Mass. 109; *Appeal of Hopkins*, 9 Atl. Rep. 867; *Slater v. Oriental Mills*, (R. I.) 27 Atl. Rep. 443. There are adjudications going still further. *McLeod v. Evans*, 66 Wis. 401; *Francis v. Evans*, 69 Wis. 115; *Bowers v. Evans*, 71 Wis. 133. The mere fact that *Feldt* mingled such trust moneys with his own, and then loaned their equivalent to Berndt, as and for the moneys belonging to the lodge, did not relieve the claim against Berndt from the trust thus impressed upon it; and hence that claim did not pass by the assignment, but was properly collected by *Feldt* and paid over to the lodge.

*By the Court.*— The order of the circuit court is affirmed.