CITY OF SPOKANE v. FIRST NAT. BANK OF SPOKANE et al.

(Circuit Court of Appeals, Ninth Circuit. June 24, 1895.)

No. 210.

TRUSTS—FOLLOWING TRUST PROPERTY.

Where trust funds have been wrongfully invested by the trustee in securities which remain in his hands, the owner of such funds is entitled to follow the same, in the form into which they have been converted, and impress a trust thereon for his benefit. Spokane County v. First Nat. Bank, 68 Fed. 979, followed.

Appeal from the Circuit Court of the United States for the Eastern Division of the District of Washington.

This was a suit by the city of Spokane against the First National Bank of Spokane and F. Lewis Clark, its receiver, to impress a trust upon assets of the bank in the receiver's hands. The circuit court

sustained a demurrer to the bill for want of equity. Complainant appeals. Reversed.

James Dawson, for appellant.

C. S. Voorhees, for appellees.

Before McKENNA and GILBERT, Circuit Judges, and KNOWLES, District Judge.

GILBERT, Circuit Judge. This case is similar to the foregoing suit of Spokane County v. Same Defendant, 68 Fed. 979. The bill of complaint differs, however, from the bill in that case in one important particular. It contains the averment that the city treasurer has deposited with the First National Bank of Spokane public moneys of the city, known by the officers of the bank to be such, and that said officers failed to keep said money separate and distinct from other funds, but wrongfully mixed and commingled the same with the money of the bank, and that it has used the same in paying its employés, patrons, clients, and depositors, "and in the purchase by said defendant First National Bank of the property, notes, bills, and securities now constituting and forming the assets of said defendant First National Bank, in the possession of the receiver, hereinafter mentioned." Thereafter follows the allegation that the receiver has, since his appointment, collected of the assets of said bank a sum equal to the amount still due the city. We construe these averments of the bill to distinctly allege that the assets that came into the hands of the receiver were purchased by the bank with the city's money.

In the light of the authorities cited in the foregoing decision, and of the conclusions there reached, we are of the opinion that the demurrer to this bill should have been overruled. It is our judgment, therefore, that the decree be reversed at the cost of the appellees, and that the cause be remanded to the circuit court for further proceedings not inconsistent with this opinion.