## In re ROYEA'S ESTATE.

### (District Court, W. D. Washington, N. D. January 31, 1906.)

### No. 2,923.

BANKRUPTCY—PREFERRED CLAIMS—TRUSTS—FOLLOWING TRUST FUNDS.

Bankr. Act July 1, 1898, c. 541, § 70, subd. "a," 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], declares that a bankrupt's trustee shall be vested by operation of law with the title of the bankrupt to the property not exempt, which prior to the filing of the petition could have been transferred or which might have been levied on and sold under judicial process against him. *Held*, that where petitioner intrusted certain money to the bankrupt for safe keeping only, and he deposited it to the credit of his general bank account, which at all times exceeded the amount so intrusted to him and came into the hands of his trustee in bankruptcy, plaintiff was entitled to enforce a preferred claim on such bank balance in the hands of the trustee, though the actual money delivered to the bankrupt could not be identified.

In Bankruptcy. Hearing on petition for review of an order made by the referee allowing a claim to a sum of money which the bankrupt had on deposit in a bank with other money at the time of the initiation of bankruptcy proceedings, on the ground that the amount claimed was held by the bankrupt as trustee for the petitioner.

Piles, Donworth, Howe & Farrell, for petitioner.
Palmer, Graves, Brown & Murphy, for trustee.

HANFORD, District Judge. It appears from the record that at the time of the adjudication the bankrupt had on deposit in a bank $390.70, which has since come into the possession of the trustee of his estate. The deposit included $120, which the petitioner had theretofore intrusted to the bankrupt for safe-keeping. There is no controversy as to the fact that the bankrupt did receive the sum mentioned, which belonged to the petitioner, nor as to the circumstances attending the transaction. It was the mutual understanding of the parties that the money was not loaned to the bankrupt, but intrusted to him to be returned when the petitioner should require it. The specific money was not required to be returned, but the petitioner was to be satisfied upon receiving an equivalent amount in any money. The bankrupt did not keep the money separately, but made a deposit thereof in a bank in which he had other money on deposit, so that it became mingled with other money held by the bank subject to his check, and the balance to his credit exceeded the amount received from the petitioner, at all times continuously from the date of the deposit until it was withdrawn by the trustee, who now has it in custody. The petitioner prays to have the sum which he intrusted to the bankrupt paid to him out of the money which the trustee of the bankrupt's estate drew from the bank, on the ground that his rights are superior to the rights of general creditors, and the referee decided the question in the case in his favor, on the ground that in the administration of bankrupt's estate the principles of equity are to be applied, rather than the strict rules of law.

The main argument in opposition to the petition is that, trust money must be earmarked or separately kept in order to entitle the cestui que trust to reclaim it, in opposition to creditors of an insolvent debtor, and that where a bankrupt has mingled trust funds with his own, so that the identity of the trust money is lost, the beneficiaries of the trust must share pari passu with creditors. This argument is supported by decisions in adjudged cases, and by several text-books. See Hosmer v. Jewett, Fed. Cas. No. 6,713; In re Richard (D. C.) 104 Fed. 792; Collier on Bankruptcy (4th Ed.) p. 512; Loveland's Law and Proceedings in Bankruptcy (2d Ed.) p. 412. Nevertheless, I concur in the opinion filed by the referee in this case, and for the following reasons: Subdivision "a" of section 70 of the present bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) prescribes the rule to be applied in the determination of questions as to what property vests in the trustee of a bankrupt's estate. The rule of the statute is that the trustee shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, to property, not exempt, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.

Consideration of this rule leads to the inquiry whether the bankrupt, after he had become insolvent and immediately before the petition was filed, could have transferred the balance to his credit in the bank, so as to have defeated the petitioner in a suit in equity to reclaim his part of it, or whether an attaching or execution creditor, by levying upon the balance in the bank under judicial process against the bankrupt, could have divested the petitioner of his beneficial interest in the fund? To this inquiry equity gives a negative answer. In the opinion of the Supreme Court, by Mr. Justice Matthews, in the case of National Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693, the English and American authorities are exhaustively reviewed, and the decision as condensed in the syllabus was that:

"As long as trust property can be traced and followed, the property into which it has been converted remains subject to the trust; and, if a man mixes trust funds with his, the whole will be treated as trust property, except so far as he may be able to distinguish what is his. This doctrine applies in every case of a trust relation, and as well to moneys deposited in bank, and to the debt thereby created, as to every other description of property."

In many of the reported cases the cestui que trust failed to prove that the fund or property sought to be impressed with the trust, in fact, included trust money or acquisitions by reinvestment or exchange of trust money or property, and on that ground adverse decisions were rendered, without combating the doctrine of the Supreme Court, as expounded in the opinion by Mr. Justice Matthews above cited. For cases in point, see Peters v. Bain, 133 U. S. 670, 10 Sup. Ct. 354, 33 L. Ed. 696; Frelinghuysen v. Nugent (C. C.) 36 Fed. 229; Spokane Co. v. Clark (C. C.) 61 Fed. 538, affirmed in Same v. First Nat. Bank, 68 Fed. 979, 16 C. C. A. 81; In re Marsh (D. C.) 116 Fed. 396. In this case, although the money cannot be specifically identified, the fund is

clearly proved to have been enlarged by mingling trust money with other money, and the equitable right of the petitioner to reclaim an amount equivalent to the amount intrusted is clear. San Diego County v. Cal. Nat. Bank (C. C.) 52 Fed. 59; Massey v. Fisher (C. C.) 62 Fed. 958; City of Spokane v. First Nat. Bank of Spokane, 68 Fed. 982, 16 C. C. A. 85; Brandenburg on Bankruptcy (3d Ed.) p. 768.

Let an order be entered affirming the decision of the referee.