## BLOCK v. RICE.

### (District Court, E. D. Pennsylvania. February 20, 1909.)

### No. 2.

BANKRUPTCY (§ 164*)—VOIDABLE PREFERENCE—PAYMENT BY DEBTOR—TRUST FUNDS.

A trustee in bankruptcy, within four months prior to his own bankruptcy and when he was insolvent, paid to himself as such trustee a sum equal to certain collections which he had made as trustee but which he had deposited in his individual bank account. *Held* that, the fund not having been kept separate, in the absence of evidence showing that the net balance of his bank account had at all times been equal to the amount of such deposits, so that they could have been followed as a trust fund, the payment was preferential, and the amount was recoverable by his own trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 267; Dec. Dig. § 164.*]

At Law. On motions for judgment non obstante veredicto and for new trial.

Clinton O. Mayer and Irwin L. Sessler, for plaintiff.
Emanuel Furth, for defendant.

HOLLAND, District Judge. On or about the 10th day of August, 1907, Joseph Rice, as trustee in bankruptcy of the estate of Samuel Fine, sold at public sale certain goods of the Fine bankrupt estate for the sum of $1,000. The purchaser paid by check, at that time, only $250, leaving a balance of $750 due. The purchaser of the property was a friend of Rice and unable to raise all the purchase price on the day of sale, and Rice had drawn his individual check, which was there exhibited or given to the auctioneer, and it, together with the $250 paid by the purchaser, was turned over to Rice or his attorney. Rice, however, did not use his own $750 check, but gave the purchaser credit to that amount, and permitted him to pay it subsequently. On September 28, 1907, Joseph Rice paid himself, as trustee of the estate of Samuel Fine, the bankrupt, the sum of $797.90. Rice, who was called by plaintiff, testified at the trial that this money had been paid to him by the purchaser from time to time, and that he had put it in his individual bank account. About two weeks after Rice had drawn his individual check to himself as trustee of the Fine bankrupt estate, a petition was filed against him, and shortly thereafter he was adjudicated a bankrupt, and Gordon A. Block, the plaintiff, was appointed his trustee, who instituted this suit as such trustee, and set forth in his statement:

"That the said Joseph Rice on the 28th day of September, 1907, at a time when he was insolvent and with knowledge of his insolvency, and with intent to prefer himself as trustee of the estate of Samuel Fine over his other creditors, paid unto himself, as such trustee, the sum of $797.90, being the amount then due and owing by him to the said estate of Samuel Fine, of which he was trustee."

At the trial, the defendant presented no defense. On the plaintiff's evidence the jury rendered a verdict in his favor in the sum of $829.-80. The defendant, at the close of the plaintiff's evidence, asked the court to give binding instructions to the jury to find a verdict in favor of the defendant, which was refused, and the court instructed the jury:

"That if they believed that Joseph Rice knew or had reason to know that he was insolvent on September 28, 1907, when he made a payment to himself as trustee of Samuel Fine, that said payment was preferential, and the plaintiff was entitled to a verdict for the amount of such judgment."

Exception was taken to this part of the charge and the refusal of the court to give binding instructions for the defendant, and in due time the motions, for judgment non obstante veredicto under the Pennsylvania practice act, and for a new trial, were filed, assigning as reasons therefor (1) the refusal of the court to give binding instructions to the jury to find a verdict for the defendant, and (2) the charge of the court above set forth.

It is the contention of the defendant's counsel that Rice individually had a right to pay over this sum to the Fine bankrupt estate, of which he was the trustee, whether he knew he was solvent or not, and that it would not under the circumstances be a preferential payment under the bankruptcy act of July 1, 1898, c. 541, § 1, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), because the Fine bankrupt estate could have followed the trust fund in Rice's possession, and therefore his act in paying the same over was but an anticipation of an order of the court had the Fine estate applied for it.

It may be conceded, if Rice collected the $750 of trust funds belonging to the Fine bankruptcy estate and held it intact in a separate fund, or if it be shown that he received the money and deposited it in his own bank account, and that at all times after the receipt of the trust fund and its deposit the net balance of his bank account exceeded the amount of the trust fund, that upon application the Fine bankruptcy estate, by an order of court, could have secured possession of the fund so held by Rice, and under these conditions it may be that, as against Rice's creditors, a voluntary payment of this trust fund by Rice to the Fine bankrupt estate within four months of the time of filing a petition in bankruptcy against him would be a lawful payment, although Rice knew at the time he was insolvent, and that such a payment would not be held to be preferential under the act. Bank v. King, 57 Pa. 202, 98 Am. Dec. 215; In re Royea (D. C.) 16 Am. Bankr. Rep. 141, 143 Fed. 182. But the difficulty the defendant encounters in setting up that defense here is that his right to follow this trust fund in the possession of Rice depends upon its having been kept separate, or upon its having been received by him, deposited in bank, and the net balance of his bank account at all times exceeding the $750, and this must be made to appear by him to the satisfaction of the jury. The burden of showing this rests upon him. I recall no evidence whatever in the case to this effect. It was simply established that Rice had collected the $750 and deposited it in his own bank account, and the schedules filed by Rice in his bankruptcy estate show that he had only $155 in bank, and personal property which sold for less than $500. The in-

debtedness was over $37,000. This, together with Rice's shifty, eva-sive, and unreliable manner as a witness, is sufficient to warrant the jury in finding, as they evidently did, that Rice had appropriated the $750 trust fund to his own use, in which case, of course, it could not be identified and followed by the trust estate (In re Marsh [D. C.] 8 Am. Bankr. Rep. 576, 116 Fed. 396; In re Mulligan [D. C.] 116 Fed. 715), and his payment of this amount to the Fine bankruptcy estate, of which he was trustee, within the two weeks of his own bankruptcy proceedings, would be preferential if Rice knew he was insolvent at the time, which question was submitted to the jury and the verdict es-tablishes the fact of such knowledge.

The motion for judgment non obstante veredicto is refused, and the motion for a new trial is overruled.