FERGUSON, Trustee, Respondent, vs. BAUERNFEIND, Appel-
lant.

*May 13—June 3, 1909.*

*Bankruptcy: Preferences: Trust funds: Appeal: Findings: Evidence:
Debtor and creditor: Trustee's title to bankrupt's property.*

1. Payments discharging a trust fund in the hands of one subse-
   quently adjudicated a bankrupt cannot be recovered as prefer-
   ences.
2. In an action by a trustee in bankruptcy to recover alleged pref-
   erential payments, a finding that the relation of debtor and

creditor existed between the defendant and the bankrupt is not sustained where the evidence clearly shows a trust relation by which the bankrupt took, received, and held defendant's money for the purpose of loaning it, even though he may have mingled it with his own money.

3. Under the federal bankruptcy act the trustee is vested with no better right or title to the bankrupt's property than belonged to the bankrupt at the time of the vesting of the trustee's title.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

This action was brought by the plaintiff as trustee of the C. W. Milbrath Company, a corporation, against the defendant, *Jacob Bauernfeind,* to recover the sum of $521.25 alleged to be due and owing upon an open and running account between the C. W. Milbrath Company, a corporation, bankrupt, and the defendant. The complaint alleges, in substance, that the Milbrath Company, a corporation, was adjudged a bankrupt on the 31st day of August, 1905, and on the 4th day of October, 1905, the plaintiff was elected trustee; that on the 17th day of May, 1905, the said C. W. Milbrath Company, being insolvent and unable to pay its debts, nevertheless paid to the defendant on account of said indebtedness the sum of $221.25, and on July 5, 1905, $300; that defendant received and accepted such payment with knowledge that the C. W. Milbrath Company was insolvent; that the effect of such payments was to enable the defendant to obtain a greater percentage of his debt than that obtained by any other creditor of his class; that such payments were made with intent to hinder and delay the creditors of said C. W. Milbrath Company; that before action due demand was made.

The answer, after admitting the corporate existence of the C. W. Milbrath Company, that it was adjudged bankrupt, that plaintiff was elected trustee, and due demand that defendant return the moneys paid to him May 17 and July 5, 1905, denied the other allegations of the complaint. The answer further denied that the C. W. Milbrath Company was

indebted to the defendant upon running account, but alleged that said Milbrath Company in or about the month of May, 1905, or some time prior thereto, had received a large sum of money belonging to defendant and held the same in trust for him.

The court found that on or about the 31st day of August, 1905, the C. W. Milbrath Company, a corporation, was adjudged a bankrupt, an involuntary petition in bankruptcy having been theretofore duly filed on August 18, 1905; that on October 4, 1905, plaintiff was elected and appointed trustee of said bankrupt corporation, qualified as such trustee, and ever since has been and now is such trustee; that all proceedings in relation to the petition and adjudication in bankruptcy and the election, appointment, and qualification of plaintiff as trustee were in accordance with the provision of an act of Congress entitled "An act to establish a uniform system of bankruptcy throughout the United States," and acts amendatory thereof [Act July 1, 1898, ch. 541, 30 U. S. Stats. at Large, 544, U. S. Comp. Stats. 1901, p. 3418; Act Feb. 5, 1903, ch. 487, 32 U. S. Stats. at Large, 797, U. S. Comp. Stats. Supp. 1907, p. 1024]; that ever since his election and appointment as trustee said plaintiff has been and now is a resident of the city of Milwaukee, Wisconsin, and that for many years prior to the 18th day of August, 1905, said C. W. Milbrath Company was engaged in the real estate and loan business, with its principal offices and place of business in the city of Milwaukee, Wisconsin; that on the 17th day of May, 1905, the said Milbrath Company was, and for some time prior thereto had been, indebted to the defendant upon an open and running account between said bankrupt and said defendant in the sum of $521.25; that on and between the 17th day of May, 1905, and the 18th day of August, 1905, said Milbrath Company was insolvent and unable to pay its debts; that on the 17th day of May, 1905, said Milbrath Company, being insolvent and being indebted to said

defendant, and said defendant having theretofore demanded the payment of such indebtedness, paid to said defendant on account of said indebtedness $221.25, and thereafter and on the 5th day of July, 1905, paid on account of such indebtedness the sum of $300; that such payments were made to the agents of defendant, who received such payments for and on behalf of said defendant; that at the time of each of said payments said *Jacob Bauernfeind* and his said agents had good reason to believe that said Milbrath Company was insolvent and unable to pay its debts, that it was intended by each of said payments to give defendant a preference, and that the effect of said payments would be to enable said defendant to obtain a greater percentage of his debts than any other creditor of the same class with him; that on or before August 1, 1907, plaintiff made a demand upon said defendant that he pay to said plaintiff as such trustee the money so received by him, and that said defendant refused so to do.

And the court concluded thereon that the said payments and each of them made by the said C. W. Milbrath Company to said defendant are voidable under and by virtue of the provisions of said bankruptcy act, and that said plaintiff is entitled to judgment against said defendant for said sum of $521.25.

Judgment was entered for $521.25, with interest from August 1, 1907, together with costs and disbursements, from which this appeal was taken.

For the appellant there was a brief by *Kronshage, McGovern, Goff, Fritz & Hannan,* and oral argument by *Guy D. Goff.*

For the respondent there was a brief by *McElroy, Ferguson & Lamfrom,* and oral argument by *W. J. McElroy.*

KERWIN, J. The only question which we find necessary to consider upon this appeal is the one relating to the so-called trust relation between the defendant and the C. W. Milbrath

Company. The court below found such relation was that of debtor and creditor and that the money placed in the hands of the Milbrath Company by defendant was not placed there in trust. This question involves the sufficiency of the evidence to support the findings of the court below, set out in the statement of facts, to the effect that the Milbrath 'Company was indebted to the defendant upon an open and running account between the Milbrath Company, bankrupt, and the defendant in the sum of $521.25.

It appears from the evidence without substantial dispute that for a period of about twenty years before the bankruptcy of the C. W. Milbrath Company it had been loaning the money of the defendant; that on or about February 1, 1905, the defendant called upon Mr. Milbrath of said company and demanded his money; that Mr. Milbrath then stated that they were a little short, but would make it up in a short time, whereupon defendant stated that he could get the money upon the receipts for the money given by the company showing the relation in which it was held; that defendant did in fact transfer the receipts to one Anton Kern and received therefor an assignment of a $3,600 mortgage, the amount of the receipts being $3,000, the defendant paying Kern the balance, $600. Whether the transfer of the receipts to Kern was an absolute sale or transfer for collection we need not consider, since, if the money represented by the receipts was a trust fund and belonged to defendant at the time of the transfer, the payments made by the Milbrath Company could not be recovered either from defendant or Kern. It further appears from the evidence that when money was collected for defendant he was notified and it was paid over to him, or, as in some instances, he took a receipt for the money represented by the collection and permitted the company to reloan it for him.

The evidence clearly shows a trust relation between defendant and the C. W. Milbrath Company by which the company took, received, and held the money of defendant for the pur-

pose of loaning it, and there appears to be practically no evidence of the relation of debtor and creditor. The only evidence from which any inference could be drawn rebutting the trust relation is that tending to show that the company may have mixed the funds of defendant with its own. This alone is clearly insufficient to support the finding under consideration. Upon the evidence in the case the $521.25 paid by the bankrupt did not diminish its assets or enrich the defendant at the expense of the general creditors. Under the bankruptcy act the trustee is vested with no better right or title to the bankrupt's property than belonged to the bankrupt at the time of the vesting of the trustee's title. Loveland, Bankruptcy (3d ed.) § 173; *Van Ingen v. Feldt,* 86 Wis. 345, 56 N. W. 923; *In re Royea's Estate,* 143 Fed. 182; *Smith v. Au Gres,* 150 Fed. 257.

We think the clear preponderance of the evidence is against the finding to the effect that the relation of debtor and creditor existed between defendant and the C. W. Milbrath Company, but, on the contrary, the evidence establishes that the money paid, to wit, $521.25, was the money of the defendant or his assignee. It matters not which so far as this appeal is concerned. In the view we take of the case it becomes unnecessary to treat the other questions argued in the briefs. It follows that no case was made for the recovery of the payments alleged to be preferential.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.