TANANA VALLEY RY. CO. v. WASHINGTON–ALASKA BANK
(Levine, Intervener).

(Fourth Division. Fairbanks. August 15, 1911.)

No. 1597.

PLEADING (§ 350*)—MOTION FOR JUDGMENT.

The intervener, as administrator of an estate, deposited the funds of the estate in the Washington-Alaska Bank, which subsequently became insolvent, and a receiver was appointed to take charge and wind up its business. Intervener filed a petition in the receivership case, asking to have the fund deposited by him declared a special trust deposit, and returned to him as such. The receiver answered, alleging that the fund so deposited by the administrator was intermingled with the general funds of the bank on deposit and paid out in the regular course of the bank's business prior to the appointment of the receiver. Upon motion for judgment on the pleadings filed by the inter-

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

vener, *held*, in view of the positive denials of the receiver and the allegations by it that petitioner's deposits had been dissipated prior to the receivership, a question of fact is presented that must be tried upon the evidence. Motion for judgment is denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.\*]

A motion is made by the petitioner in intervention for judgment upon the pleadings, consisting of the petition of the intervener and the answer of the bank by its receivers.

The petitioner alleges that he was appointed administrator of the estate of L. B. Johnson in February, 1909; that on January 5, 1911, the defendant, Washington-Alaska Bank, was adjudged insolvent, and a receiver appointed, who took possession of its property and assets.

By the allegations of the petition and answer it appears that petitioner deposited in said bank to his credit, as administrator of said estate, February 11, 1909, $421.25, and September 8, 1910, $2,500, which amounts were reduced by withdrawals, leaving, at the time of the receiver taking charge, to the credit of said petitioner, as administrator, $989.25.

Petitioner further alleges: That the bank and its officers had notice and knowledge at all times that the money so deposited was a trust fund, the property of the estate of said deceased, placed in the bank as a special deposit, to be kept separate from the general funds, and to be held in safekeeping and disbursed only for expenses of administration and payment to the legal heirs of said estate. That the said bank and its officers wrongfully mixed and commingled the funds of said estate with the general funds and deposits of the bank, so that the same cannot be specifically identified. That, at the time the receivers took possession of the assets of said bank, they came into possession of the sum of $70,000 in money. That, although the funds of the estate had been commingled with other money, the whole amount thereof was still in possession of the bank and is now in possession of the receivers and part of said cash assets. That the funds so deposited by the intervener were never paid out, disbursed, loaned, or in-

vested by the bank, but came into the possession of said receivers in fact and were wrongfully commingled with the general assets of the bank.

The receivers by their answer admit: That these deposits made by the intervener were intermingled with the moneys and funds of the bank, and they allege that they were thereafter paid out and used in the ordinary course of banking business and for the payment of the current expenses of the banking institution. That they were so disbursed, paid out, and used by the bank immediately upon their receipt, and that none of said funds, so received from the intervener, were actually in the vault and in the possession of the bank at a later date than the 15th of September, 1910. Defendant denies that such funds in any way augmented or in any wise bettered the property and assets of the bank, or that any part of the said deposits was a part of the said assets on the said 5th day of January, 1911, and denies that any part of same ever came into the hands of the receivers.

The answer alleges that on the 8th day of September, 1910 (the date of petitioner's last deposit), the net face value of the property and assets of the bank was the sum of $313,498.19; that on the day the bank passed into the hands of the receivers, to wit, January 5, 1911, the net face value of the property and assets was the sum of $157,159.82. The answer does not deny petitioner's allegation that, at the time the receivers took possession of the property and assets of the bank, there came into their possession and control the sum of more than $70,000 in money and property of the bank.

Louis K. Pratt, of Fairbanks, for receiver.
Stevens, Roth & Dignan, of Fairbanks, for intervener.

CUSHMAN, District Judge. Petitioner in his motion for judgment upon the pleadings depends upon the rule that where money has been paid out from commingled funds, which funds include a trust deposit such as that above described, it will be presumed that the moneys paid out were those of the trustee and were not those of the cestui que trust, and that, as long as there was sufficient money remaining on hand in the bank at

4 A.R.—26

the time of the receivers' taking possession to cover the trust deposit, to that extent the money will be presumed to be that of the trust depositor. ` National Bank v. Ins. Co., 104 U. S. 55, 26 L. Ed. 693; Merchants' Nat. Bk. v. School District, 94 Fed. 705, 36 C. C. A. 432; Spokane Co. v. First Nat. Bk., 68 Fed. 979, 16 C. C. A. 81; City of Spokane v. First Nat. Bk., 68 Fed. 982, 16 C. C. A. 85; In re Acheson & Co., 170 Fed. 427, 95 C. C. A. 597; Board of Com'rs v. Strawn, 157 Fed. 49, 84 C. C. A. 553, 15 L. R. A. (N. S.) 1100; Board Co. Com'rs v. Patterson (C. C.) 149 Fed. 229; In re Royea's Estate (D. C.) 143 Fed. 182.

But it will be seen from the foregoing that, although the receivers do not deny the amount of money on hand at the time the bank was closed and they took possession of its property and assets, yet they do positively deny that any of the money deposited by the petitioner remained, but allege that all of it had been long prior thereto paid out by the bank.

In the case of Board of Commissioners of Crawford County v. Strawn, 157 Fed. 49, at page 51, 84 C. C. A. 553, at page 555 (15 L. R. A. [N. S.] 1100) it is said:

"The blending of the trust money with the money of the trustee was suffered at one time to defeat the owner's title and compel him to stand as a mere unsecured creditor. This was upon the idea that money was not ear-marked, and therefore could not be recovered in specie. But the later cases have met this difficulty in the case of blended moneys in a bank account, from which there have been drawings from time to time, by the fiction that the sums thus drawn out were from the moneys which the tort-feasor had a right to expend in his own business, and that the balance which remained included the trust fund which he had no right to use. It was upon this fiction that Knochball v. Hallett, 13 Ch. Div. 696, 726, et seq., was decided. That case was approved in National Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693, and has been followed in many subsequent cases when the trust fund has consisted of moneys on deposit. Smith v. Mottley, 150 Fed. 266 [80 C. C. A. 154]. But, as this is a mere presumption, it will not stand against evidence."

It is therefore clear, in view of the positive denials of the receiver and the allegations by it that petitioner's deposits had been dissipated prior to the receivership, that a question of fact is presented that must be tried upon the evidence. The court cannot presume that the defendant has no evidence to

sustain its denials and allegations or to overcome the presumption above mentioned.

The motion will be denied.